IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EQUAL RIGHTS CENTER )
11 Dupont Circle, N.W., Suite 400 )
Washington, D.C. 20036 )
 )
and )
 )
ROSEMARY CIOTTI, )
900 N. Stafford Street, #2322 )
Arlington, VA 22203, )
 )
Plaintiffs, )
 )
v. ) Civil Action No.
 )
POTBELLY SANDWICH WORKS, LLC )
222 Merchandise Mart Plaza )
Suite 2300 )
Chicago, IL 60654 )
 )
Defendant. )

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
AND FOR COMPENSATORY DAMAGES**

Plaintiffs Equal Rights Center and Rosemary Ciotti (collectively, the "Plaintiffs"), as and for their Complaint against Potbelly Sandwich Works, LLC (the "Defendant"), allege as follows:

**INTRODUCTION**

1. The Equal Rights Center and Rosemary Ciotti bring this action under Title III of the Americans with Disabilities Act of 1990 ("ADA"), Pub. L. 101-336, §§ 301-310, 104 Stat. 327 (codified at 42 U.S.C. §§ 12181-12189), its implementing regulations, 28 C.F.R., Pt. 25 & App. A. to Pt. 36, and the District of Columbia Human Rights Act ("DCHRA"), D.C. Code §§ 2-1401.01-2-1411.06, to secure relief from this Court in connection with Defendant's unlawful discrimination against persons with disabilities.

2. Defendant owns and operates at least eleven Potbelly Sandwich Works ("Potbelly") restaurants in Washington, D.C. The Potbelly restaurants, which are places of public accommodation, contain significant barriers to wheelchair users and other persons with disabilities. These barriers, as fully described herein, deprive persons with disabilities the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations provided by Potbelly restaurants. They deter the use of Potbelly restaurants in Washington, D.C. by persons with disabilities and result in discrimination against persons with disabilities.

3. Accordingly, Plaintiffs seek an order from this Court requiring Defendant to alter certain architectural characteristics of its restaurants and modify its practices, policies and procedures to comply with the ADA and DCHRA. Plaintiffs further seek compensatory damages, as well as costs, attorneys' fees and such other relief as this Court deems just and proper, as a result of the Defendant's discriminatory actions.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343 because Plaintiffs assert claims under the Americans With Disabilities Act of 1990, Pub. L. 101-335, 104 Stat. 327 (codified at 42 U.S.C. §§ 12101-12213).

5. This Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367 because Plaintiffs assert claims under the District of Columbia Human Rights Act, D.C. Code §§ 2-1401.01-2-1411.06.

6. The Court has personal jurisdiction over Defendant pursuant to D.C. Code § 13-423 because Defendant transacts business in Washington, D.C.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because all of the acts and omissions of Defendant giving rise to this action occurred in Washington, D.C.

## THE PARTIES

8. Plaintiff Rosemary Ciotti is a resident of Virginia and a member of the Equal

Rights Center. Ms. Ciotti has physical impairments that substantially limit her in several major life activities, including walking and performing everyday manual tasks. She uses a wheelchair for mobility. Ms. Ciotti has visited several Potbelly restaurants in the Washington, D.C. area.

9. Plaintiff Equal Rights Center ("ERC") is a membership organization and a not-for-profit corporation organized under the laws of the District of Columbia, with its principal place of business at 11 Dupont Circle, N.W., Suite 400, Washington, D.C. 20036. The ERC's staff and Board of Directors are comprised of individuals, including persons with disabilities, who have a direct interest in protecting the rights of persons with disabilities. The ERC's membership consists, in part, of persons with disabilities who live throughout the greater Washington, D.C. metropolitan area and others who are interested in, *inter alia*, equal rights, equal access, and equal opportunity for persons with disabilities. One of the principal goals of the Equal Rights Center is the elimination of discrimination against persons with disabilities, which includes the elimination of the discriminatory effects of architectural barriers to access and use public accommodations. The ERC pursues this goal through various means, including research, public education, counseling, advocacy, and conciliation. The ERC brings this case as a representative of its members, whose rights to live in and enjoy a community free from discrimination on the basis of physical disability have been infringed by the Defendant. The ERC has suffered the frustration of its purpose and the loss or diversion of resources in counseling its members who complained of discrimination at Potbelly restaurants, and in investigating Defendant's conduct.

10. Defendant Potbelly Sandwich Works, LLC is a limited liability company formed under the laws of Illinois, with its principal place of business in Illinois at 222 Merchandise Mart Plaza, Suite 2300, Chicago, Illinois 60654. Defendant owns and operates restaurants in Washington, D.C. and in other locations in the United States. Defendant is subject to the provisions of the ADA because its owns and operates restaurants, which are places of public accommodation that affect commerce. In addition, Defendant is subject to the provisions of the DCHRA because it owns and operates restaurants within Washington, D.C.

## FACTS

### ADA and DCHRA Requirements Applicable to Defendant

11. On July 12, 1990, Congress enacted the ADA "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities," including discrimination resulting from "the discriminatory effects of architectural...barriers...." 42 U.S.C. § 12101(b)(1) & (a)(5).

12. The public accommodation provisions in Title III of the ADA, which became effective on January 26, 1993, prohibit discrimination against persons with disabilities "in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation...." 42 U.S.C. § 12182(a).

13. "Restaurants," such as Potbelly establishments, are public accommodations within the meaning of the ADA. 42 U.S.C. § 12181(7)(B).

14. Under Title III of the ADA, places of public accommodation that are constructed 30 months or more after July 26, 1990, must be "readily accessible to and usable by individuals with disabilities, except where an entity can demonstrate that doing so would be structurally impracticable to meet the requirements" of the ADA. 42 U.S.C. § 12183(a)(1).

15. Under Title III of the ADA, alterations to facilities must be made "in such a manner that, to the maximum extent feasible, the altered portions of the facility are accessible to and usable by individuals with disabilities." 42 U.S.C. § 12183(a)(2).

16. Title III of the ADA further prescribes that places of public accommodation, like Potbelly restaurants, shall not provide individuals with disabilities with a "good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantages, or accommodation, or other opportunity that is as effective as that provided to others." 42 U.S.C. § 12182(b)(1)(A)(iii); *see also* 28 C.F.R. § 36.202(c).

17.     Under Title III of the ADA, discrimination also includes "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations." 42 U.S.C. § 12182(b)(2)(A)(ii).

18.     The Department of Justice regulations implementing Title III of the ADA are codified at 28 C.F.R. Part 36 & Appendix A.  Appendix A, entitled <u>Standards for Accessible Design</u> ("Standards"), sets standards for accessibility for places of public accommodation, such as restaurants, by individuals with disabilities.  These Standards are to be applied during the design, construction, and alteration of such buildings and facilities.  The Standards provide specific requirements for accessibility regarding sales counters, dining areas, and restrooms, among other things.

19.     Standards §§ 5.1-5.9 provide additional specifications for restaurants and cafeterias regarding counters and bars, access aisles, dining areas, food service lines, tableware and condiment areas, raised platforms, and other equipment.  Standards §§ 5.1-5.9 provide that these areas and items shall be accessible to and usable by persons with disabilities, including persons who use wheelchairs.

20.     The DCHRA provides that it is an unlawful discriminatory practice to "deny, directly or indirectly, any person the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation." D.C. Code § 2-1402.31(a)(1).

21.     As described more fully below, Defendant has failed to comply with these requirements and specifications in several ways with respect to one or more of its establishments in Washington, D.C.

DCDOCS/665228.2

### Specific Acts of Discrimination Suffered by Plaintiff Rosemary Ciotti at Washington, D.C. Potbelly Restaurants

22. Plaintiff Rosemary Ciotti has attempted, on more than one occasion, to purchase food at several Potbelly restaurants in and around Washington, D.C., including without limitation the restaurants located at 1701 Pennsylvania Avenue, NW, Washington, D.C. and 1635 Connecticut Avenue, NW, Washington, D.C.

23. Plaintiff Rosemary Ciotti's has encountered barriers at Potbelly restaurants that have made it difficult or impossible for her to access Potbelly's goods and services. These barriers include, but are not limited to:

   a. impermissibly high service counters that inhibited Ms. Ciotti's communication with employees and obstructed her view of the restaurant menu that was affixed to the wall,

   b. self-service items placed out of Ms. Ciotti's reach in her wheelchair,

   c. low tables and narrow seating areas that required Ms. Ciotti to sit sideways at a table to prevent other patrons from tripping on her wheelchair,

   d. narrow paths of travel that prevented Ms. Ciotti's access to service counters and required her to cut in front of the line ahead of other patrons, causing her embarrassment and humiliation, and

   e. a food service line with a post bolted to the floor that caused injury to Ms. Ciotti when her hand was caught between the post and her wheelchair.

24. Plaintiff Rosemary Ciotti would patronize Potbelly restaurants throughout Washington, D.C. if their design did not render them inaccessible to customers who use wheelchairs. Her inability to patronize these restaurants makes her feel frustrated and is a source of inconvenience and injury to her.

### Equal Rights Center's Investigation of ADA Violations at Washington, D.C. Potbelly Restaurants

25. After receiving complaints regarding access barriers at Potbelly restaurants, the

ERC conducted inspections of all eleven Potbelly restaurants in the city to assess whether the Potbelly service areas, dining areas, and restrooms comply with the ADA. The inspected Potbelly restaurants are located at: 555 12th Street, NW, 1900 L Street, NW, 1701 Pennsylvania Avenue, NW, 1635 Connecticut Avenue, NW, 1400 New York Avenue, NW, 726 7th Street, NW, 1660 L Street, NW, 616 23rd Street, NW, 4300 Connecticut Avenue, NW, 637 Indiana Avenue, NW, and 409 3rd Street, SW.

26. The ERC investigation revealed that Potbelly restaurants contain barriers within the restaurants that prevent wheelchair users from accessing goods and services. These barriers include, but are not limited to:

a. service counters and self-service items that exceed the maximum height allowance in violation of Standards § 7.2(1) and 4.2.5, respectively,

b. tables and seating areas that wheelchair users cannot access or utilize in violation of Standards § § 4.32 and 5.1,

c. restrooms with inaccessible features such as toilets, paper towel dispensers, sinks, and mirrors in violation of Standards § § 4.2.5, 4.2.6, 14.6.2, 14.17.3 Fig. 30, 14.9.2, 14.9.3 and 14.9.6, and

d. narrow paths of travel that prevent access to service counters, restrooms, and other facilities in violation of Standards § 5.3.

27. Upon information and belief, each of the eleven Potbelly restaurants in Washington, D.C. include one or more of the access barriers described in paragraph 25 above. As a result, these Potbelly restaurants violate the ADA, its implementing regulations and Standards, and the DCHRA.

28. The Potbelly restaurants in Washington, D.C. do not include alternative designs and technologies that provide substantially equivalent or greater access to and usability of the restaurants for individuals with disabilities.

### Defendant's Responsibility For Access Barriers in Washington, D.C. Potbelly Restaurants

29. Defendant owns and operates all eleven Potbelly restaurants in Washington, D.C. identified in paragraph 25 above. Each of the eleven restaurants was constructed more than thirty months after July 26, 1990.

30. Upon information and belief, the access barriers at Potbelly restaurants in Washington, D.C. are the result of a common design or designs dictated by Defendant's corporate policy.

31. Removal of access barriers at Potbelly restaurants in Washington, D.C. is structurally practicable and feasible and is therefore required by law.

32. Upon information and belief, access barriers at Potbelly restaurants in Washington, D.C. are the result of Defendant's corporate policies, practices and procedures and/or absence of corporate policies, practices and procedures for enforcing the ADA and DCHRA.

33. Modification of Defendant's policies, practices, and procedures to ensure full and equal enjoyment of Potbelly restaurants to individuals with disabilities would not constitute a fundamental alteration of the nature of Potbelly's goods, services, facilities, or accommodations, and is therefore required by law.

34. Through its ownership and control of operations, Defendant has the capacity and authority to eliminate structural barriers at each Potbelly restaurant in Washington, D.C. and to modify corporate policies, practices, and procedures to comply with the ADA and DCHRA. Defendant, however, has failed to eliminate such barriers or to otherwise provide readily accessible and usable service counters, seating areas, and restrooms to persons with disabilities, and has failed to modify its policies, practices, and procedures to ensure full and equal enjoyment of Potbelly restaurants by persons with disabilities.

35. As a result, Defendant has violated and continues to violate the ADA and the

DCHRA by designing and constructing new restaurants that fail to comply with the ADA and DCHRA.

### Plaintiffs Have Been Injured By Defendant's Discriminatory Conduct

36. As a result of Defendant's continuing failure to design, construct, and/or maintain the service counters, dining areas, and restrooms at Potbelly restaurants in a manner that is readily accessible to and usable by persons with disabilities as required by the ADA and DCHRA, Plaintiff Rosemary Ciotti has suffered, and will continue to suffer, injury including, but not limited to, a deprivation of her right to full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Potbelly restaurants, as well as humiliation, embarrassment, and emotional distress from the indignity and stigma of discrimination.

37. As a result of Defendant's continuing failure to design, construct, and/or maintain the service counters, dining areas and restrooms at their restaurants in a manner that is readily accessible to and usable by persons with disabilities as required by the ADA and DCHRA, Plaintiff ERC and its members have suffered, and will continue to suffer, injury including, but not limited to:

    a. the frustration of the mission of the ERC to achieve equality of access for persons with mobility impairments and the elimination of discrimination against persons with disabilities in public accommodations in Washington, D.C., and

    b. the diversion of the ERC's resources necessary to identify and counteract Defendant's unlawful discriminatory practices in Washington, D.C. and

    c. interference with the interests of the ERC and its members in protecting their rights to live in and enjoy a community that is free from discrimination on the basis of physical disability in Washington, D.C.

**Injunctive Relief is Necessary and Appropriate
to Protect the Rights of the Plaintiffs**

38. Defendant's failure to provide service counters, dining areas, and restrooms as required by the ADA and the DCHRA denies persons with disabilities the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of Potbelly restaurants in Washington, D.C.

39. Plaintiffs have reasonable grounds for believing that Potbelly restaurants will continue to fail to provide accessible service counters, dining areas, and restrooms as required by the ADA and the DCHRA, and that therefore Plaintiffs Rosemary Ciotti and the ERC and its members will be subjected to continuing discrimination in violation of the ADA and the DCHRA.

40. Plaintiffs have no plain, adequate, or complete remedy at law. Plaintiff Rosemary Ciotti and the ERC and its members have suffered, are suffering, and will continue to suffer irreparable injury as a result of Defendant's continuing discriminatory conduct.

**FIRST CLAIM FOR RELIEF**

**Violation of the Americans With Disabilities Act**

41. Plaintiffs incorporate by reference paragraphs 1 - 40 as if fully set forth herein.

42. At all times relevant to this action, the ADA was in full force and effect in the United States.

43. Each Potbelly restaurant identified in this Complaint is a "place of public accommodation" within the meaning of Section 302(a) of the ADA (codified at 42 U.S.C. §§ 12182(a)). 42 U.S.C. § 12181(7).

44. Plaintiff Rosemary Ciotti is a person with a disability within the meaning of the ADA.

45. Plaintiff ERC is an organization whose mission includes representing the interests of its members, many of whom are persons with disabilities within the meaning of the ADA, and

eliminating discrimination against persons with disabilities.

46. Title III of the ADA applies to the Defendant because it "owns, leases (or leases to) or operates a place of public accommodation," within the meaning of Section 302(a) of the ADA (codified at 42 U.S.C. § 12182(a)).

47. The ADA prohibits discrimination against persons with disabilities. The ADA provides, in pertinent part that, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

48. On information and belief, the Potbelly restaurants inspected by ERC and identified in this Complaint are or were "design[ed] and construct[ed]" for first occupancy later than 30 months after July 26, 1990 within the meaning of the ADA, 42 U.S.C. § 12183(a)(1).

49. Facilities designed and constructed later than 30 months after July 26, 1990, are required to be "readily accessible to and usable by individuals with disabilities, except where an entity can demonstrate that is structurally impracticable. . . ." 42 U.S.C. § 12183(a)(1).

50. Alterations to facilities made later than 30 months after July 26, 1990 must be made "in such a manner that, to the maximum extent feasible, the altered portions of the facility are accessible to and usable by individuals with disabilities." 42 U.S.C. § 12183(a)(2); 28 C.F.R. § 36.402(b) & (c).

51. Defendant is liable for the violations of Plaintiffs' rights under the ADA because at all times relevant hereto Defendant had and does own and operate the Potbelly restaurants in Washington, D.C.

52. The Potbelly restaurants in Washington, D.C. include access barriers to individuals with disabilities, such as inaccessible service counters, seating areas, and restrooms.

53. The access barriers at Potbelly restaurants in Washington, D.C. constitute unlawful discrimination on the basis of disability because they deny disabled individuals, including Plaintiffs, the full and equal enjoyment of the goods, services, facilities, privileges,

advantages, or accommodations provided by Potbelly restaurants, and as such, Defendant violates the ADA.

54. Removal of these barriers is structurally practicable and feasible and is required by the ADA.

55. Upon information and belief, these access barriers are the result of Defendant's policies, practices, or procedures and/or the absence of policies, practices, and procedures for enforcing the ADA.

56. Defendant's policies, practices, and procedures and/or absence of policies, practices, and procedures for enforcing the ADA constitute unlawful discrimination on the basis of disability because they deny disabled individuals, including Plaintiffs, the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations provided by Potbelly restaurants, and as such, Defendant violates the ADA.

57. The ADA requires Defendant to make reasonable modifications to its policies, practices, or procedures when modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless Defendant can demonstrate that making the modifications would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations.

58. Modification of Defendant's policies, practices, and procedures will not fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations offered by Potbelly restaurants.

59. Defendant's failure to comply with the ADA has resulted and will continue to result in harm to Plaintiffs and other individuals with disabilities, unless and until Defendant is ordered by this Court to make modifications to its Potbelly restaurants and its policies, practices, and procedures pursuant to the ADA and Standards.

## SECOND CLAIM FOR RELIEF

### Violation of the District of Columbia Human Rights Act

60. Plaintiffs incorporate by reference paragraphs 1- 59 as if fully set forth herein.

61. At all times relevant to this action, the DCHRA was in full force and effect in Washington, D.C.

62. Plaintiff Rosemary Ciotti is a person with disabilities within the meaning of the DCHRA.

63. Plaintiff ERC is an organization whose mission includes representing the interests of its members, many of whom are persons with disabilities, within the meaning of the DCHRA, and eliminating discrimination against persons with disabilities.

64. Defendant is subject to the provisions of the DCHRA because it transacts business in Washington, D.C.

65. The DCHRA makes it an unlawful discriminatory practice to "deny, directly or indirectly, any person the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodations." D.C. Code § 2-1402.31.

66. Each Potbelly restaurant identified in this Complaint is a "place of public accommodation" within the meaning of the DCHRA.

67. Defendant has violated and continues to violate the DCHRA by, *inter alia*, denying disabled individuals, including Plaintiffs, the full and equal goods, services, facilities, privileges, advantages or accommodations of Potbelly restaurants in Washington, D.C.

68. Defendant's conduct has harmed Plaintiffs and will continue to harm Plaintiffs unless and until Defendant is ordered by this Court to make Potbelly restaurants in Washington, D.C. accessible to individuals who depend on wheelchairs for mobility and other individuals with disabilities.

69. Defendant's conduct has caused Plaintiffs damages in an amount to be determined

at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Rosemary Ciotti and the ERC respectfully pray that this Court:

a. Declare Defendant's restaurant locations in violation of the ADA and DCHRA to the extent they do not comply with the ADA and its implementing regulations and standards;

b. Enter a permanent injunction requiring Defendant to (i) bring all the restaurants identified in this complaint into compliance with both the ADA and the DCHRA and (ii) modify Defendant's policies, practices, and procedures to comply with the ADA and DCHRA.

c. Enter judgment awarding the Plaintiffs compensatory damages under DCHRA in an amount appropriate to the proof at trial;

d. Award the Plaintiffs their costs and attorneys' fees, including litigation expenses, reasonably incurred in the prosecution of this action;

e. Award the Plaintiffs such other and further relief as the Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, by counsel and pursuant to Federal Rule of Civil Procedure 38(b), hereby demands a trial by jury on all claims so triable in this action.

DATED this 7th day of February, 2007

>ROSEMARY CIOTTI and
>EQUAL RIGHTS CENTER,
>
>By their attorneys
>
>_____
>Richard A. Ripley, Bar No. 412959
>Gerard P. Finn, Bar No. 448462
>John J. Dempsey, Bar No. 480348
>**BINGHAM MCCUTCHEN LLP**
>2020 K Street, N.W.
>Washington, D.C. 20006-1806
>Telephone: (202) 373-6000
>
>_____
>Elaine Gardner, Bar No. 271262
>Robert Bruskin, Bar No. 164293
>**Washington Lawyers' Committee for Civil Rights and Urban Affairs**
>11 Dupont Circle, N.W.
>Suite 400
>Washington, D.C. 20036
>(202) 319-1000

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
Equal Rights Center and Rosemary Ciotti

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  11001
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Richard A. Ripley
Gerard P. Finn
John J. Dempsey
Bingham McCutchen LLP
2020 K Street, NW
Washington, DC 20006
(202)373-6000

## DEFENDANTS
Potbelly Sandwich Works, LLC

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
◉ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. *Antitrust*
☐ 410 Antitrust

### ○ B. *Personal Injury/Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. *Administrative Agency Review*
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. *Temporary Restraining Order/Preliminary Injunction*
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. *General Civil (Other)*   OR   ○ F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ⊙ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☒ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 U.S.C. 12181 et seq. Defendant's restaurants are places of public accommodation that discriminate against persons with disabilities.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ Unspecified   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 30 Jan 07   SIGNATURE OF ATTORNEY OF RECORD  /s/

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.