IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| EQUAL RIGHTS CENTER )<br>)<br>and )<br>)<br>ROSEMARY CIOTTI, )<br>)<br>    Plaintiffs, )<br>)<br>    v. )<br>)<br>POTBELLY SANDWICH WORKS, LLC )<br>)<br>    Defendant. )<br>) | Civil Action No. 1:07-CV-283(CKK) |

**NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS**

TO: Steve A. Miller, Esq., of Fisher & Phillips LLP, as attorney and agent of Defendant Potbelly Sandwich Works, LLC ("Potbelly").

A lawsuit has been commenced against Potbelly, the entity on whose behalf you are addressed. A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the District of Columbia and has been assigned docket number 1:07-CV-283.

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving Potbelly with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within 30 days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope

(or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that Potbelly will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require Potbelly to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiffs, this 31st day of May, 2007.

DATED this 31st day of May, 2007

        ROSEMARY CIOTTI and
        EQUAL RIGHTS CENTER,

        By their attorneys

          /s/  Gerard P. Finn
        Richard A. Ripley, Bar No. 412959
        Gerard P. Finn, Bar No. 448462
        John J. Dempsey, Bar No. 480348
        Bingham McCutchen LLP
        2020 K Street, N.W.
        Washington, D.C.  20006-1806
        Telephone:    (202) 373-6000

Elaine Gardner, Bar No. 271262
Robert Bruskin, Bar No. 164293
Washington Lawyers' Committee for
Civil Rights and Urban Affairs
11 Dupont Circle, N.W.
Suite 400
Washington, D.C.  20036
(202) 319-1000

- 3 -

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EQUAL RIGHT CENTER )<br>)<br>and )<br>)<br>ROSEMARY CIOTTI, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>POTBELLY SANDWICH WORKS, LLC )<br>)<br>Defendant. )<br>) | Civil Action No. 1:07-CV-283(CKK) |

## WAIVER OF SERVICE OF SUMMONS

TO:  Gerard P. Finn, Esq., of Bingham McCutchen LLP, Plaintiffs' attorney.

I acknowledge receipt of your request that I waive service of summons in the action of *Equal Rights Center v. Potbelly Sandwich Works, LLC,* which is case number 1:07-CV-283 in the United States District Court for the District of Columbia.  I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that Defendant Potbelly Sandwich Works, LLC ("Potbelly"), the entity on whose behalf I am acting, be served with judicial process in the manner provided by Rule 4.

Potbelly will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against Potbelly if an answer or motion under Rule 12 is not served upon you within 60 days after May 31, 2007, or within 90 days after that date if the request was sent outside the United States.

_____                _____
Date                                                                       Steve A. Miller, Esq.
                                                                                       Fisher & Phillips LLP
                                                                                       1000 Marquette Building
                                                                                       140 South Dearborn Street
                                                                                       Chicago, IL  60603
                                                                                       [as attorney and agent of Potbelly Sandwich Works, LLC]

_____

Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint.  A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waiver service of a summons, fails to do so will be required to bear the cost of such service unless good cause can be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property.  A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons,) and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time frame specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court.  If the answer or motion is not served within this time, a default judgment may be taken against that defendant.  By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.